UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Indianapolis Division

| | |
|---|---|
| BMO HARRIS BANK N.A., <br><br> Plaintiff, <br><br> v. <br><br> GIBSON GRAIN & SUPPLY, LLC, <br> GIBSON FAMILY FARM STORE, LLC, and <br> KARV FAMILY LIMITED PARTNERSHIP, <br><br> Defendants. | CASE NO: 1:15-cv-01319-MJD -SEB |

## ORDER APPOINTING RECEIVER

THIS CAUSE, coming before the Court upon BMO Harris Bank N.A.'s *Motion for the Appointment of a Receiver* (the "**Motion**") seeking entry of an order appointing a receiver over the assets of Defendants Gibson Grain & Supply, LLC ("**GGS**"), Gibson Family Farm Store, LLC ("**GFFS**"), and KARV Family Limited Partnership ("**KARV**" and together with GGS and GFFS, the "**Defendants**"); and upon the consent of Defendants; and the Court having considered the Motion, and having been otherwise fully advised in the premises, IT IS NOW HEREBY ORDERED AND ADJUDGED as follows:

A. **Findings of Fact and Law Relating to Appointment of Receiver.**

1. Together, GGS, GFFS, and KARV, are indebted to Plaintiff, which debt is evidenced by twelve (12) promissory notes and certain other agreements, documents, and instruments related thereto, and is secured by a first priority security interest and lien in and on substantially all of GGS's, GFFS's, and KARV's assets and real property (the "**Collateral**").

2. GGS is indebted to Plaintiff, which debt is evidenced by eight (8) promissory

1

notes and certain other agreements, documents, and instruments related thereto (the "**GGS Obligations**"):

  a. Promissory Note dated May 15, 2014 in the original principal amount of $500,000.00;

  b. Promissory Note dated October 21, 2013 in the original principal amount of $500,000.00;

  c. Line of Credit Promissory Note dated December 17, 2103, as amended, in the original principal amount of up to $1,000,000.00;

  d. Agricultural Loan Agreement dated December 17, 2013;

  e. Promissory Note dated December 17, 2014 in the original principal amount of $1,200,000.00;

  f. Promissory Note dated January 24, 2012, as amended, in the original principal amount of $7,000,000.00;

  g. Business Loan Agreement dated January 24, 2012, as amended;

  h. Line of Credit Promissory Note dated May 10, 2012, as amended, in the original principal amount of $1,800,000.00;

  i. Agricultural Loan Agreement dated May 10, 2012, as amended;

  j. Promissory Note dated May 10, 2012, as amended, in the original principal amount of $398,845.00;

  k. Agricultural Loan Agreement dated May 10, 2012, as amended; and

  l. Line of Credit Promissory Note dated March 31, 2013, as amended, in the original principal amount of up to $800,000.00 (Line of Credit Agreement dated March 31, 2013, as amended, in the original principal amount of up

to $800,000.00).

3. GGS and GFFS together are indebted to Plaintiff, which debt is evidenced by three (3) promissory notes and certain other agreements, documents, and instruments related thereto (the "**GGS and GFFS Obligations**"):

    a. Promissory Note dated June 20, 2012, as amended, in the original principal amount of $4,272,800.00;

    b. Agricultural Loan Agreement dated June 20, 2012, as amended;

    c. Promissory Note dated August 10, 2012, in the original principal amount of $250,000.00; and

    d. Promissory Note dated April 28, 2014 in the original principal amount of $511,620.00.

4. GGS and KARV together are indebted to Plaintiff, which debt is evidenced by a Promissory Note dated May 10, 2012, as amended, in the original principal amount of $3,935,000.00 (the "**GGS and KARV Obligations**" and together with the GGS Obligations and the GGS and GFFS Obligations, the "**Obligations**").

5. Defendants are in default under their respective Obligations with Plaintiff.

6. Service of the Motion was properly made upon Defendants.

7. The appointment of a receiver for the Defendants is necessary to stabilize, preserve and maximize the value of Defendants' assets and business so that an orderly liquidation or refinance can be accomplished.

8. Defendants consent to the appointment of a receiver on the terms set forth below.

**B. <u>Appointment of Receiver</u>**

9. Bernadette M. Barron on behalf of Barron Business Consulting, Inc. is qualified

3

14281555.1

to act as the receiver herein (the "**Receiver**").

10. Effective as of 2:00 p.m. on September 1, 2015 (the "**Effective Date**")  The Receiver involved is appointed over each of Defendants and their businesses and the Defendants' property for a period commencing on the date of this Order and ending upon the agreement of the Plaintiff and Defendants, with that termination or any termination to be confirmed by further Order of this Court.

11. The Receiver is appointed for the purpose of managing, protecting, preserving, operating and selling some or all of the property for the benefit and protection of all creditors, and the Receiver is hereby granted and vested all powers necessary to do so.  The Receiver's responsibilities include oversight of all aspects of the management and operation of the Defendants' businesses as well as the decision on whether to sell any or all of the Property (as defined below).  For the avoidance of doubt, this receivership is over both the Defendants as entities and the Property (defined below).  Defendants may continue to operate their business in the ordinary course subject to the Receiver's authority and direction.

12. The Receiver shall take control over all of the Defendants' assets, with the authority to operate the Defendants' businesses in its ordinary course in compliance with all state and federal regulations applicable to such entities and under all local, state and federal licenses currently issued in the name of any of the Defendants or the owners of the Defendants.

13. The Receiver is appointed as an officer of the Court and shall have immunity from personal liability as is afforded such officers under Federal law, including but not limited to immunity from personal liability for acts or omissions undertaken as Receiver within the scope of her authority as set forth herein or as otherwise defined by law or by statute.  In addition, the Receiver may not be sued without the prior permission of this Court.

14. The Receiver is appointed for the Defendants, their businesses, properties and assets, real, personal, mixed, tangible and intangible, of whatever description and location, including, without limitation, farm products, crops grown, growing, or to be grown, and agricultural goods produced in agricultural operations, livestock, born or unborn, supplies used or produced in farming operations, and products of crops or livestock in unmanufactured states, all of the Defendants' cash on hand or on deposit with a financial institution, all accounts receivable, claims, demands and causes of action, liquidated or unliquidated, together with all collateral or security therefore, all machinery, equipment, fixtures, furnishings, vehicles, supplies, inventory, contract rights, general intangibles, patents, trademarks, copyrights, trade names, licenses, intellectual property, books and records, customer lists and any and all other assets owned by any of the Defendants (collectively, the "**Property**").

15. The Receiver may not sell:

   a. property that is not owned by the Defendants;

   b. any leased equipment without the lessor's consent; or

   c. any Property that is subject to a priority lien ahead of Plaintiff without consent of the priority lien-holder.

16. The Receiver shall pay Swift Financial Corporation from the Custom Operations pursuant to any agreement reached between the Defendants and Swift.

17. The Receiver shall put into escrow any cattle proceeds subject to any disputed ownership or lien priority until further order of the Court. Likewise proceeds of unencumbered assets shall also be held in escrow by the Receiver pending further order of the court.

18. The Receiver shall serve without bond, provided that the Receiver will well and truly perform her duties and shall abide by and perform all of the things which she shall be

required to do under this Order.

19. The Receiver is appointed hereunder for the benefit and protection of the rights and interests of the Plaintiff, as well as for the benefit and protection of the rights and interests of Defendants.

20. The Receiver does not represent the specific interests of the Plaintiff or the Defendants. In the event of a dispute between Plaintiff and the Defendants regarding the provisions of this Order, the Receiver shall take direction from an agreement reached between the Plaintiff and the Defendants as to such dispute, or in the absence of any agreement, from the Court. The Receiver shall apply to this Court for further direction and for such further powers as may be necessary to enable the Receiver to fulfill her duties.

21. The Receiver shall be compensated at the rate of $8,000 per week which will be deemed part of the ordinary and usual operating expenses of Defendants, paid on a weekly basis. The Receiver also shall be reimbursed for reasonable expenses incurred in the performance of the Receiver's duties. The Receiver and those employed by the Receiver will furnish Plaintiff and other interested parties copies of their invoices for services rendered and expenses incurred on a monthly basis. The Receiver shall be paid out of the Defendants' Property or funds generated from the Defendants' Property. Additionally, the Receiver will be compensated for her services and reimbursed for her reasonable expenses leading up to the entry of this Order.

22. Plaintiff agrees to fund any shortfall in the event that monthly gross revenues from the operation of Defendants' businesses are not sufficient to pay the Receiver's compensation and reimbursement of expenses. In the event Plaintiff is required to advance funds to cover any such shortfall, such advance shall be an advance under the Plaintiff's loan documents and shall increase the indebtedness due and owing from the Defendants to the

14281555.1

Plaintiff on the Obligations. The advances will be collateralized by Defendants' currently unencumbered assets, satisfactory to Plaintiff.

23. The Receiver will not hinder and will reasonably cooperate with the Defendants efforts to obtain a refinance, obtain a loan, investor participation, or other mechanism by which Defendants may obtain funds to resolve the Obligations.

24. Defendants' primary business operations consist of raising cattle to market (the "**Cattle Operations**") and custom farming and harvesting (the "**Custom Operations**"). Subject to the Receiver's authority, Defendants may continue to manage both the Cattle Operations and the Custom Operations.

25. With respect to the Cattle Operations;

    a. The proceeds from the Cattle Operations are Plaintiff's collateral;

    b. Receiver shall have financial oversight of the Cattle Operations, including sole check writing authority;

    c. The Cattle Operations will fall under a budget to be agreed upon between Plaintiff, Defendants and Receiver (the "**Cattle Budget**");

    d. Any and all expenses relating to the Cattle Operations shall be accounted and paid from the Custom Budget;

    e. All proceeds from Cattle Operations shall be deposited into Plaintiff's bank.

26. With respect to the Custom Operations and subject to the Defendants management;

    a. The proceeds from the Custom Operations are not Plaintiff's collateral;

    b. The Custom Operations will fall under a separate budget (the "**Custom Budget**");

    c.    Any expenses relating to the Custom Operations shall be accounted and paid solely from the Custom Budget;

    d.    Receiver has responsibility for the Custom Operations and Custom Budget;

    e.    In the event the Custom Operations is required to utilize Plaintiff's collateral, mutually agreed to arrangements must be made and accounted for in the Custom Budget and the Cattle Budget.

27.    While the Defendants may attempt to refinance (or otherwise satisfy) the Obligations, the Receiver shall sell the Receiver Property, on motion with opportunity to object, in accordance with the following terms, timelines and processes:

    a.  Cattle.

        i.    Cattle will be sold as they reach market weight in the ordinary course as determined by Defendants, subject to approval by the Receiver, with all such proceeds being accounted for in the Cattle Budget.

        ii.    The balance of the cattle that have not previously been sold shall be sold by December 4, 2015; however, Defendants may offer to purchase the cattle in bulk prior to such date so long as Defendants tender to Plaintiff an amount acceptable to Plaintiff and any other party with an interest in such cattle.

    b.  Equipment.

        i.    By December 4, 2015, all Property that is equipment shall be sold at auction; however, Defendants may offer to purchase, sell or

trade in any item of equipment prior to such date so long as Defendants tender to Plaintiff an amount acceptable to Plaintiff subject to any prior lien interest or purchase money security interest in such equipment;

c. Real Estate.

i. All Property that is real estate shall be sold by December 4, 2015; however Defendants may offer to purchase some or all of the real estate prior to such date so long as Defendants tender to Plaintiff an amount acceptable to Plaintiff subject to any prior mortgage lien interest in such real estate.

28. It is expressly understood that the Defendants retain the power and authority to file and prosecute a petition for any or all of the Defendants pursuant to Title 11 of the United States Code (the "**Bankruptcy Code**"). Plaintiff may oppose that relief on any grounds other than lack of authority.

29. In the event Plaintiff agrees to a sale, refinance or trade-in of any or all Collateral, and specifically in the event the Defendants or a related entity to the Defendants purchase such Collateral, such purchased, refinanced or new property subject of a trade-in of Collateral shall be owned free and clear of any liens, claims or interest of Plaintiff (hereinafter referred to as the "**Released Property**") and Plaintiff will take all steps necessary to release any such lien, claim or interest in the Released Property. Accordingly, the terms of this order shall not apply to any Released Property and the Receiver shall not be the Receiver over any Released Property.

30. The Receiver shall have all necessary powers to control the Property including,

without limitation, the following powers and responsibilities:

    a.    to take legal possession of the Property and all personalty related thereto, including without limitation, all related books, records, bank accounts, keys, combinations for locks or other access information, or which relate in any manner to the management or operation of all or any portion of the Property;

    b.    to direct Defendants, their equity owners, officers, agents, members, employees or other representatives, to immediately provide the Receiver or her designee unencumbered access to all personalty which relates in any manner to the management or operation of the Property including, without limitation, all keys, combinations for locks or other access codes, books, records, accounts, operating statements, reserve accounts, computer files, electronic records, and the like pertaining to the operation of the Defendants or the Property;

    c.    to control Defendants' business in the ordinary course of business with advice and input from Defendants;

    d.    to sell all or any portion of the Property and to do all acts and things necessary or advisable in connection with such sale(s);

    e.    to negotiate all bills, drafts, loan documents (with Plaintiff or others), notes or other instruments in the name of the Defendants;

    f.    take such steps with respect to the outstanding accounts payable and the status of operation of the Property in order to maintain, preserve, and protect the Property including, without limitation, to refuse to pay such

        accounts payable, discern the status of the outstanding accounts payable and to settle any such accounts that the Receiver or her designee deems necessary;

g.    demand, collect and receive from all present and future account debtors, all sums now due and unpaid or which hereafter shall become due with respect to or arising out of the Property;

h.    to employ Wendy Brewer and Jefferson & Brewer, LLC, as counsel to the Receiver, and to employ on application, subject to parties' right to object, such other counsel, accountants, consultants, property managers, brokers, investment bankers, appraisers, liquidators, auctioneers, or other professionals, as may be necessary in order to carry out her duties as Receiver and to preserve, maintain and liquidate the Property and to pay reasonable rates for these services;

i.    to conduct discovery, provide notice, cooperate, negotiate, and otherwise take all steps necessary to recover or obtain coverage from any entity relating to (1) the acts, conduct, property, liabilities, or financial condition of the Defendants; (2) the Property; or (3) any other matter or item that may affect the Receiver's administration of the Property;

j.    to commence and prosecute any claims or causes of action at law or in equity which arise during the course of the Receivership as a result of damage or injury to or interference with the Property and inure to the benefit of the Receivership estate, or to provide clear title to Defendant's property, that the Receiver deems necessary to fulfill her duties and to

      preserve the Property (however, nothing set forth herein shall create an affirmative duty on the Receiver's part to defend Defendants in this or any other action);

k.     to terminate or abrogate any and all agreements, contracts, understandings or commitments entered into by the Defendants with respect to the Property; however, this shall not include any equipment lease, loan, crop share agreement, custom farming agreement, lease or sublease of real property or other agreements, contracts, understandings or commitments necessary to the Custom Operations and permitted pursuant to the Budget;

l.     to maintain existing or open new accounts with, or negotiate, compromise, or otherwise resolve the Defendants' existing obligations to service providers or suppliers of goods and services to the Defendants or to otherwise enter into such agreements, contracts or understandings with such service providers or suppliers as are necessary to maintain, preserve, and protect the Property;

m.     to maintain or open new bank accounts with respect to the Receiver or her designee's management of the Property;

n.     to secure such monies as Plaintiff may be willing to advance for the operation, preservation and maintenance of the Property, including current costs of repairs and general maintenance, security, utilities, feed, insurance and other necessary goods and services;

o.     to market and sell some or all of the Property pursuant to this Order, and upon notice, free and clear of all liens, claims and encumbrances with

14281555.1

    liens, claims and encumbrances attaching to the proceeds of the sale, through public or private proceedings in a commercially reasonable manner, subject to the prior consent of Plaintiff, and subject to the prior approval of this Court, which sale is to occur in the month of November 2015;

p.    to apply to this Court for further direction and for such further powers as may be necessary to enable to Receiver to fulfill her duties;

q.    conduct a claims process for any assets recovered in excess of Plaintiff's secured debt or for any unencumbered proceeds; and

r.    to accomplish the foregoing, generally do, execute, and perform any other act, deed, matter, or thing whatsoever the Receiver reasonably deems ought to be done, executed and performed in and about or with respect to the Defendants' businesses and Property.

31.    In controlling the management and operation of the Defendants' businesses and the Property, the Receiver shall do so pursuant to a budget mutually agreeable to Plaintiff, Defendants, and Receiver (the "**Budget**").  Plaintiff, subject to Defendants' approval to the extent required under the loan documents, may fund any shortfall in the event that monthly gross revenues are not sufficient to pay the agreed upon budgeted monthly expenses.  In the event Plaintiff advances funds to cover any such shortfall, such advance shall be an advance under the Plaintiff's loan documents and shall increase the indebtedness due and owing from the Defendants to the Plaintiff pursuant to the Obligations.  The Receiver is authorized to obtain additional loans from the Plaintiff, without the need for further Court approval (unless such advances are not authorized under the loan documents and Defendants do not agree), with any

such amounts advanced to be secured by first priority liens against unencumbered Receivership assets, the Defendants' businesses, the Property, and all assets of the Defendants', which liens will be prior in right to any other creditors or party in interest.

32. Commencing on the 15th day of the first full month following entry of this Order, and continuing on the 15th day of each month during the pendency of this Receivership, the Receiver shall file with this Court and serve on the Plaintiff and the Defendants, a report concerning the operation and financial performance of the Defendants' businesses and the Property for the prior month.

33. The Receiver shall give notice of this Receivership to the following government agencies: Internal Revenue Service; Indiana Department of Revenue; Missouri Department of Revenue; and the United States Department of Agriculture and to other creditors as deemed appropriate by the Receiver.

34. Any and all third-parties are prohibited from interfering with the duties and obligations of the Receiver as set forth in this Order.

35. The Defendants have expressed a desire and willingness to cooperate with the receiver and to continue the day to day operations and management subject to the Receiver's ultimate legal authority. The Defendants may raise any objection, defend any claims against them in this Court, or file any request for relief from this Order with this Court in the event a dispute arises.

36. The Defendants, their managing members, managers, officers, agents, partners, employees or other representatives under this Order are hereby enjoined and restrained from (a) transferring, encumbering or otherwise disposing of any assets of the Defendants without the Receiver's prior written consent; and (b) interfering in any manner with the Receiver or her

management of the Property.

37. All creditors of the Defendants are hereby enjoined and restrained from:

   a. Commencing, prosecuting, continuing or enforcing any suit or proceeding in law, equity, bankruptcy, or otherwise against or affecting the Defendants or any part of the Property without first obtaining leave of this Court except that such actions may be filed to toll any statutes of limitations;

   b. Using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any portion of the Property, wherever situated;

   c. Attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate the due date of any lease, loan, mortgage, indebtedness, security agreement or otherwise affecting the Property;

   d. Doing any act to interfere with the taking control, possession, or management, by the Receiver, of any portion of the Property or to interfere in any manner with the exclusive jurisdiction of this Court over the Property;

   e. Engaging in any act to create, perfect, or enforce any lien against the Property, unless specifically authorized by Order of this Court;

   f. Engaging in any act to collect, assess, replevin or recover a claim against the Defendants that arose before the appointment of the Receiver; and

   g. Exercising a set off of any debt owing to the Defendants that arose before or after the appointment of the Receiver against any claim against the Defendants.

38. Defendants, their managing members, members, managers, officers, agents, partners, employees or other representatives under this Order are hereby directed to use their best efforts to ensure a smooth operation of the Property by the Receiver or her designee, and the Defendants shall cooperate with the Receiver and may not take any action with respect to Gibson Cattle Company, LLC.

39. Within ten (10) days of this Order, the Defendants shall each submit to the Receiver a verified list of the assets and liabilities of such Defendant and shall turn over all books and records of the Defendants requested by the Receiver, except as modified by any subsequent Order entered in these proceedings.

40. The Receiver shall not be required to file, sign, or prepare state or federal tax returns.

41. The Receiver is authorized to employ Wendy Brewer and the law firm of Jefferson & Brewer, LLC, as counsel for the Receiver ("**Jefferson & Brewer**") and to compensate Jefferson & Brewer for reasonable fees and expenses incurred in the representation of the Receiver. Jefferson & Brewer will furnish the Receiver copies of its invoices for services rendered and expenses incurred on at least a monthly basis. Jefferson & Brewer shall be paid out of the Defendants' Property if the Property is sufficient to pay Jefferson & Brewer's expenses and fees and pursuant to the Budget.

42. The Receiver is authorized to reimburse Jeffrey Hester and the law firm of Tucker Hester Baker & Krebs ("**Tucker Hester**") for reasonable fees and expenses incurred in the performance of their duties as counsel for the Defendants. Tucker Hester will furnish the Receiver and Plaintiff and other interested parties copies of their invoices for services rendered and expenses incurred on a monthly basis. Tucker Hester shall be paid out of the Defendants'

14281555.1

Property if the Property is sufficient to pay Tucker Hester's expenses and fees and pursuant to the Budget.

43. The Receiver is authorized to reimburse Candace Armstrong and Armstrong Law Offices, LLC ("**Armstrong**"), for reasonable fees and expenses incurred in the performance of their duties as counsel for the Defendants. Armstrong will furnish the Receiver and Plaintiff and other interested parties copies of their invoices for services rendered and expenses incurred on a monthly basis. Armstrong shall be paid out of the Defendants' Property if the Property is sufficient to pay Armstrong's expenses and fees and pursuant to the Budget.

**Approved and entered as amended. Defendants are ordered to serve a copy of this order on all secured creditors whose secured property may be subject to this order.**

Date: September 1, 2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

In accordance with S.D. Ind. L.R. 5-5(d) service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.

Counsel for Plaintiff is directed to serve this Order on the following parties via first-class U.S. Mail:

Deere Financial
c/o Karen Lobring
Lobring & Associates
11166 S. 600 West
Edinburgh, IN 46124

Boswell Livestock Commission Co. Inc.
C/O Thomas W. Dinwiddie
Wooden McLaughlin LLP
211 North Pennsylvania Street
One Indiana Square, Suite 1800
Indianapolis, IN 46204

14281555.1

CONSENTED TO ALL OF THE ABOVE:

By: /s/ Timothy F. Nixon
    Timothy F. Nixon
    WI State Bar No. 1013753
    Erin A. West
    WI State Bar No. 1075729

Godfrey & Kahn, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Phone: 608-257-3911
Fax: 608-257-0609
Email: tnixon@gklaw.com
ewest@gklaw.com

*Attorneys for Plaintiff BMO Harris Bank N.A.*

By: /s/ Jeffrey Hester
    Jeffrey Hester
    IN State Bar No.
    Courtney E. Chilcote
    IN State Bar No.

Tucker Hester Baker & Krebs
One Indiana Square, Suite 1600
Indianapolis, IN 46204
Phone: 317-833-3030
Fax: 317-833-3031
Email: jhester@thbklaw.com

*Attorneys for Defendants Gibson Grain & Supply, LLC; Gibson Family Farm Store, LLC; and KARV Family Limited Partnership*

**GIBSON GRAIN & SUPPLY, LLC**

By: */s/ Vergel A. Gibson*
    Vergel A. Gibson, Member & Manager

**GIBSON FAMILY FARM STORE, LLC**

By: */s/ Matthew V. Gibson*
    Matthew V. Gibson, Member & Managing Member

**KARV FAMILY LIMITED PARTNERSHIP**

By: */s/ Vergel A. Gibson*
    Vergel A. Gibson, General Partner

By: */s/ Larry R. Gibson*
    Larry R. Gibson, General Partner

14281555.1